## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

CHARLES L. GOODSON,            )
                             )
          Plaintiff,         )
                             )
     v.                   )         Case No. 2:20-cv-10-SPM
                             )
OLIVIA ORF, et al.,           )
                             )
         Defendants.     )

## OPINION,  MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Charles L. Goodson, an inmate at the Jefferson City Correctional Center, for leave to commence this civil action without prepayment of the required filing fee.  Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $16.03.  Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement. (ECF No. 7). A review of plaintiff's account indicates an average monthly deposit of $80.17 and an average monthly balance of $16.06. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.03, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Olivia Orf, an employee of Corizon, and Damian Austin, Alan Earls, James H., and Stanley Jansen, employees of the Northeast Correctional Center ("NCC"). His claims stem from an incident that occurred while he was incarcerated at NCC, an institution of the Missouri Department of Corrections ("MDOC"). Defendants are sued in their official and individual capacities.

Plaintiff alleges that on August 11, 2016 he "filed multiple medical request forms for urinary issues including blood in [his] urine." Plaintiff states he submitted a urine sample on August 12, 2016. Plaintiff was subsequently issued a Conduct Violation ("CDV") for assault and sexual misconduct after defendants Orf and Austin accused him of submitting a urine sample containing semen. Plaintiff alleges he was placed on a "meal loaf" diet for 72 hours as punishment. Plaintiff states his urinalysis reflected a negative test result for semen and a positive test result for

an infection.  Plaintiff alleges his constitutional rights under both the Eighth and Fourteenth Amendments were violated because he was issued a false CDV and placed on an alternative meal loaf regimen.

Plaintiff seeks $2,000,000 in damages for the "emotional and physical suffering from the sti[g]ma of being falsely accused[.]" Plaintiff also requests the "immediate termination of all custody staff responsible for the 'meal loaf' reprisal and a written apology for all staff involved and sensitivity training for Corizon medical personnel staff[.]"

## Discussion

### A.  Individual Capacity Claims

#### 1.  Defendants Alan Earls, James H. and Stanley Jansen

Plaintiff's complaint will be dismissed against defendants Alan Earls, James H., and Stanley Jansen in their individual capacities because plaintiff fails to allege that they were directly involved in or personally responsible for specific violations of his constitutional rights.  Although these defendants are listed in the caption, plaintiff does not assert any claims against in them in the body of his complaint.

"Liability under § 1983 requires a casual link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Merely listing the defendants in the caption is not sufficient to state a claim. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against

4

defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them).

Furthermore, to any extent plaintiff is alleging that these defendants are liable solely because they held administrative or supervisory positions, *i.e.*, because James H. is the Warden of NCC or Alan Earls is the Deputy Division Director of the NCC, such claims must also be dismissed. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process). As stated above, plaintiff has failed to plead specific facts establishing an actual link or connection between these defendants and the alleged constitutional violations.

Thus, plaintiff's claims against defendants Alan Earls, James H. and Stanley Jansen in their individual capacities will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 2.  Defendants Olivia Orf and Damian Austin

Plaintiff alleges that defendants Orf and Austin violated his constitutional rights under the Eighth and Fourteenth Amendments when they accused him of placing semen in a urine sample, which gave rise to the issuance of a false CDV and a 72-hour alternative meal plan. This allegation fails to state a claim pursuant to 42 U.S.C. § 1983.

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting the deprivation of "life, liberty, or property without due process of the law."  U.S. Const. amend. XIV.  A prisoner, however, does not have a liberty interest to be free from temporary placement on an alternative meal regimen.  *See Lott v. Roper*, 2006 WL 2038635, *3 (E.D. Mo. July 19, 2006) ("Because plaintiff has no liberty interest to be free from placement on meal loaf, his due process claim fails as a matter of law."); *Ragan v. Lynch*, 113 F.3d 874, 876 (8th Cir. 1997) ("A due process claim is cognizable only if there is a recognized liberty or property interest a stake.").

Additionally, plaintiff makes no allegations that would be necessary to state a claim for violation of his Eighth Amendment rights, such as he received insufficient or unsanitary food, or that the food he received failed to meet his nutritional needs or harmed him.  *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere dissatisfaction with the variety, portion size or savor of his prison diet is insufficient to state a claim).  "Control of the diet is within the discretion of prison authorities, presuming it is adequate."  *Divers v. Dep't of Corr.*, 921 F.2d 191, 194 (8th Cir. 1990).  "A plaintiff may demonstrate violation of his [Eighth Amendment] constitutional rights by evidence 'that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.'"  *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (quoting *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)).  Plaintiff has not alleged that his placement on a meal loaf plan for 72 hours was nutritionally inadequate or caused danger to his health.

Lastly, plaintiff's claim that defendants Orf and Austin gave him a false CDV is not actionable under § 1983.  *See Glick v. Sargent,* 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).

6

Initiation of a disciplinary action based on false charges, standing alone, does not support a § 1983 claim. *Id.  See also Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).  The Eighth Circuit has recognized that false disciplinary charges can only become actionable when there is a further allegation that the false disciplinary charges were made in retaliation for the exercise of some other constitutional right.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (claim of falsity of the charges "standing alone" did not state constitutional claims unless "linked to a retaliation claim").  However, a claim of retaliation will fail if the alleged retaliatory conduct violations were issued for an actual violation of a prison rule.  *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995).  Plaintiff does not allege that the CDV issued to him was a retaliatory action and, even plaintiff included such an allegation, the CDV attached to plaintiff's complaint reflects that assault and sexual misconduct are actual violations of the NCC's rules.

Thus, plaintiff's claims against all defendants in their individual capacities will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B.  Official Capacity Claims

As to plaintiff's official capacity claims against defendants Damian Austin, Alan Earls, James H., and Stanley Jansen, naming a government official in his official capacity is the equivalent of naming the government entity that employs the official.  Plaintiff alleges these defendants are employees of NCC, which is an institution under the MDOC, a state agency.  The complaint fails to state a claim against the MDOC because an agency exercising state power is not a "person" subject to a suit under § 1983.  *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).

7

Similarly, an official capacity a claim against defendant Olivia Orf is actually a claim against her employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff states that defendant Orf is employed Corizon. Thus, his official capacity claim is against Corizon itself. In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff has not presented any facts that he suffered his injury due to a "policy, custom, or official action" on the part of Corizon.

Thus, plaintiff's claims against all defendants in their official capacities will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $16.03 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9