## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

CHARLES L. GOODSON,                     )
                                        )
           Plaintiff,                   )
                                        )
    v.                                  )          Case No. 2:20-cv-10-SPM
                                        )
OLIVIA ORF, et al.,                     )
                                        )
           Defendants.                  )

## MEMORANDUM AND ORDER

This closed case is before the Court on a letter, dated March 24, 2021, filed by self-represented Plaintiff Charles L. Goodson, an inmate at the Jefferson City Correctional Center. ECF No. 13. The letter states in relevant part:

> I would like to know if the Court would grant a motion to amend my complaint or grant a motion for reconsideration or would it be possible to still appeal my compl[ai]nt[?]

*Id.* at 1. To the extent Plaintiff intended to file a motion to amend or motion for reconsideration, such requests will be denied.

### Background

On February 26, 2020, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Olivia Orf, an employee of Corizon, and Damian Austin, Alan Earls, James H., and Stanley Jansen, employees of the Northeast Correctional Center ("NCC"). Plaintiff alleged that while he was incarcerated at NCC he submitted a urine sample and was subsequently issued a conduct violation for assault and sexual misconduct after defendants Orf and Austin accused him of submitting a sample containing semen. Plaintiff alleged he was placed on a meal loaf diet for 72 hours as punishment. Plaintiff stated his urinalysis reflected a negative test result for semen and a positive

test result for an infection. Plaintiff alleged his constitutional rights were violated because he was issued a false conduct violation and placed on an alternative meal loaf regimen.

On May 7, 2020, the Court reviewed and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. ECF Nos. 9, 10. The Court found Plaintiff did not allege a constitutional violation because his claims were not actionable under 42 U.S.C. § 1983. *See* ECF No. 9 at 4-8 (citing *Lott v. Roper*, 2006 WL 2038635, *3 (E.D. Mo. July 19, 2006) ("Because plaintiff has no liberty interest to be free from placement on meal loaf, his due process claim fails as a matter of law."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere dissatisfaction with the variety, portion size or savor of his prison diet is insufficient to state a claim); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (claim of falsity of the charges "standing alone" did not state constitutional claims unless "linked to a retaliation claim")).

Approximately ten months after the Court dismissed this action, Plaintiff submitted the instant handwritten letter, dated March 24, 2021, asking the Court to either grant a motion to amend his complaint or a motion for reconsideration. In the alternative, Plaintiff asks if he can file an appeal. ECF No. 13. The letter provides no argument or basis for why a motion to amend or motion for reconsideration should be granted.

## Discussion

After liberally construing and carefully reviewing the letter filed by self-represented Plaintiff in this closed case, the Court will construe it as attempt to amend the complaint and a request for the Court to reconsider its final judgment.

**A. Motion to Amend**

To the extent Plaintiff's letter is intended to be a motion to amend his complaint, such a request will be denied. Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend" a complaint. *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823; *see also In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored."). Moreover, to preserve the right to amend the complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted); *see also* Case Management/Electronic Case Filing Procedures Manual, Sec. II.B.

Plaintiff's letter provides no argument for why he should be permitted to amend the complaint in this closed case and he does not attach a proposed amended complaint. As a result, the instant letter construed as a motion to amend the complaint will be denied. The May 7, 2020 dismissal was without prejudice to Plaintiff filing a new lawsuit in the future should he decide to do so; however, the instant action is closed.

**B. Motion for Reconsideration**

As to his request for reconsideration, it is unclear from the letter whether Plaintiff intends for the request to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders v. Clemco Indus.*, 862 F.2d

3

161, 164-65, 168-69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Rule 59(e) requires that any motion to alter or amend judgment be filed no later than 28 days after entry of the judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment). The Court issued its Order of Dismissal on May 7, 2020. ECF Nos. 9, 10. The letter currently before the Court is dated March 24, 2021. ECF No. 13. To the extent Plaintiff seeks relief under Rule 59(e), the Court denies Plaintiff's request as untimely.[1]

In contrast to Rule 59(e), Rule 60(b) permits a Court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking

---

[1] Additionally, Rule 59(e) motions are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). The Court dismissed this case for failure to state a claim. Plaintiff's letter fails to point to any evidence of a manifest error of law or fact, or any newly discovered evidence.

reconsideration of merit arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiff's letter fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, the letter merely asks whether the Court would grant a motion for reconsideration. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint.

### C. Time to File an Appeal

Lastly, as to Plaintiff's inquiry as to whether it would "be possible to still appeal [his] compl[ai]nt," the Court notes that the Clerk of Court sent a letter to Plaintiff with the Order of Dismissal explaining the appeal process. *See* ECF No. 11. The Clerk of Court will be directed to send a copy of that letter to Plaintiff, along with the current docket sheet. To the extent Plaintiff is asking the Court whether he is within the time period to appeal, "the Court . . . cannot give legal advice to *pro se* litigants." *Auld v. Gonzalez Consulting Servs., Inc.*, No. 11-00498-CV-W-DW, 2012 WL 12969370, at *1 (W.D. Mo. Jan. 6, 2012) (citing *Bernhardt v. Johns*, 2009 WL 971443, at * 2 (D. Neb. Apr. 8, 2009) (recognizing that "the court cannot provide legal advice to Plaintiff"); Landry v. Davis, 2009 WL 274242, at * 4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a pro se litigant[.]"). If Plaintiff desires to file appeal, Plaintiff is encouraged to review the Federal Rules of Appellate Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's March 24, 2021 letter to the Court, construed as a motion to amend the complaint and motion for reconsideration, is **DENIED**. [ECF No. 13].

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.


_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2021.